UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TOMMY K. TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:12CV00203 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Movant argues that he is eligible for a sentence reduction under the Fair Sentencing Act of 2010 (the "FSA") and <u>Dorsey v. United States</u>, 132 S. Ct. 2321 (2012).  The Court finds the motion to be without merit, and therefore, the Court will summarily dismiss this action.  <u>See</u> 28 U.S.C. § 2255, Rule 4.

On June 25, 2010, movant pled guilty to possession with intent to distribute 5 grams or more of cocaine base.  On November 1, 2010, the Court sentenced movant to 100 months imprisonment to run consecutive to the term of imprisonment in Docket No. 1:02CR0031 ERW and four years of supervised release.

Movant was sentenced under 21 U.S.C. § 841(b)(1)(B).  At the time movant

was sentenced, the Court adhered to the version of § 841(b)(1)(B) that was effective when the offense conduct occurred, i.e., January 2010. That version of the statute mandated a minimum five-year sentence for any defendant convicted of a crime involving five grams or more of a substance containing crack cocaine. See 21 U.S.C. § 841(b)(1)(B) (version effective April 15, 2009, to August 2, 2010).

On August 3, 2010, the FSA took effect. The FSA, among other things, "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum . . ." Dorsey, 132 S. Ct. at 2329; see 21 U.S.C. § 841(b)(1)(B) (version effective August 3, 2010). In Dorsey, the United States Supreme Court held that the more lenient mandatory minimum provisions of the FSA apply to defendants who committed a crack cocaine offense before August 3, 2010, the date the FSA went into effect, but were sentenced after that date. Dorsey, 132 S. Ct. at 2329.

Movant's argument is not entirely coherent, but it appears he is arguing that he is entitled to a reduced sentence because the statutory minimum under 21 U.S.C. § 841(b)(1)(B) has been eliminated. Movant is incorrect. As was stated in Dorsey, the amount of crack cocaine necessary to invoke the five-year minimum was increased from five to twenty-eight grams. Movant was responsible for the distribution of 33.1 grams of cocaine base, which is above the threshold invoking

the five-year statutory minimum sentence. As a result, movant is not entitled to relief.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to a sentence reduction under the circumstances presented in the motion. Thus, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence is **DENIED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 10th day of January, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE